UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAQUAN THOMPSON                                  :   Civ. Case No:

                        Plaintiff,            :

     -against-                                          :   NOTICE OF REMOVAL

PEDRO ROJAS; COWAN                               :
SYSTEMS, LLC, UNITED STATES
FIRE INSURANCE COMPANY;                          :
CRUM & FORSTER HOLDINGS
CORPORATION; FAIRFAX                             :
FINANCIAL HOLDINGS                               :
UNLIMITED; COTTINGHAM
& BUTLER CLAIMS SERVICES,                        :

                                   :
                       Defendants.
------------------------------------------------------------------x

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NEW YORK

       Pursuant to 28 U.S.C. §§ 1441 and 1446 et seq., defendants PEDRO ROJAS, COWAN SYSTEMS, LLC., UNITED STATES FIRE INSURANCE COMPANY, CRUM & FORSTER HOLDINGS CORPORATION, FAIRFAX FINANCIAL HOLDINGS UNLIMITED and COTTINGHAM & BUTLER CLAIMS SERVICES respectfully remove to this Court the within action, which was commenced in the Supreme Court of the State of New York, County of Kings, under Index Number 511719/2020.  As grounds for removal, defendants, by their attorneys, London Fischer LLP, respectfully state as follows:

PROCEDURAL HISTORY/NATURE OF ACTION

       1.   Plaintiff commenced this action by purchasing an index number and filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of

{N1925059.1 }

Kings, on or about July 6, 2020. True and correct copies of the Summons and Verified Complaint are annexed hereto as Exhibit "A."

2. The Action arises out of an incident which occurred on June 26, 2017, on Fulton Street, at or near its intersection with Nostrand Avenue, in Kings County, New York involving a tractor trailer operated by PEDRO ROJAS, who was employed by COWAN SYSTEMS, LLC. In this incident, plaintiff sustained injury when attempting to skateboard underneath the tractor trailer as it proceeded on the roadway. *See* Police Report annexed hereto as Exhibit "B".

3. The Verified Complaint asserts two causes of action. The first cause of action, asserted against defendants PEDRO ROJAS and COWAN SYSTEMS, LLC., is for "serious, severe and permanent personal injuries, and other loss, to the plaintiff, by reason of said defendant's negligence and carelessness[.]" *See* Exhibit "A", at ¶ THIRD."

4. The second cause of action, asserted against defendants COWAN SYSTEMS, LLC., UNITED STATES FIRE INSURANCE COMPANY, CRUM & FORSTER HOLDINGS CORPORATION, FAIRFAX FINANCIAL HOLDINGS UNLIMITED and COTTINGHAM & BUTLER CLAIMS SERVICES, is for breach of contract based upon a "wrongful denial of New York State no-fault benefits to the plaintiff[.]" *See* Exhibit "A", at ¶FORTY SIXTH.

5. Defendants PEDRO ROJAS and COWAN SYSTEMS, LLC. interposed Answers on November 2, 2020. Copies of the Answers are annexed as Exhibit "C".

6. On November 4, 2020, the answering defendants sent a letter informing plaintiff's counsel that there is no legal basis to name UNITED STATES FIRE INSURANCE COMPANY, CRUM & FORSTER HOLDINGS CORPORATION, FAIRFAX FINANCIAL

{N1925059.1 }

HOLDINGS UNLIMITED (the "Insurance Defendants") as defendants in this lawsuit because COWAN SYSTEMS LLC. is a self-insured entity. Defendants provided the declarations page of the indemnity contract provided by UNITED STATES FIRE INSURANCE COMPANY confirming the self-insured status of COWAN SYSTEMS LLC. The letter also cited applicable legal authority establishing that a self-insured entity such as COWAN SYSTEMS, LLC. is the party responsible for administering and providing PIP benefits to eligible injured persons who qualify under New York law.  The letter further included the Declarations Page of the Excess Indemnity Contract reflecting the Self-Retention of $400,000 maintained by COWAN SYSTEMS, LLC., and a stipulation of discontinuance without prejudice in favor of the Insurance Defendants.   Simply put, plaintiff was promptly notified that the Insurance Defendants were not providers of No-Fault First Party Personal Injury Protection (PIP) benefits for this incident. *See* Exhibit "D".

   7. On November 5, 2020, the answering defendants served a Demand for *Ad Damnum*, pursuant to CPLR 3017(c), demanding that plaintiff provide a supplemental demand setting forth the total damages to which the plaintiff deems himself entitled to recover for the causes of action pled in the Verified Complaint.  *See* Exhibit "E".  On that same date, defendants served a Demand for a Verified Bill of Particulars and Combined Discovery Demands.  *See* Exhibit "F".

   8. After having received no response to the undersigned's letter or any return phone call from telephone messages left for counsel, defendants UNITED STATES FIRE INSURANCE COMPANY, FAIRFAX FINANCIAL HOLDINGS UNLIMITED AND CRUM & FORSTER HOLDINGS CORPORATION interposed Answers on December 2, 2020.  *See* Answers annexed collectively as Exhibit "G".

9. Defendant COTTINGHAM & BUTLER CLAIMS SERVICES interposed an Answer on December 22, 2020. *See* Exhibit "H."

10. Over the next several weeks, the undersigned left multiple telephone messages for David Harrison, plaintiff's counsel. Each and every time, the calls went to voicemail, with no opportunity to speak with a receptionist or office associate. Finally, on March 23, 2021, Mr. Harrison answered the phone, and the undersigned notified counsel of the outstanding Discovery Demands, Demand for Bill of Particulars and Demand for *Ad Damnum*, as well as the request for a discontinuance in favor of the Insurance Defendants. Counsel requested that the prior request be resent, and he promised via email "to review." *See* Exhibit "I".

11. The undersigned followed up with counsel on April 30, 2021 via email and received no response. A second attempt to elicit a response, made on May 26, 2021, resulted in a response from counsel that he was having difficulty communicating with his client, with whom he wanted to consult before discontinuing any claims. On June 11, 2021, the undersigned again requested responses to the outstanding discovery demands and a request for a discontinuance. *See* Exhibit "J".

12. Plaintiff's counsel ignored the June 11, 2021 email, and to date, has not served any responses.

JURISDICTIONAL STATEMENT

13. This is a civil action in which the United States District Court has original jurisdiction by reason of complete diversity of citizenship of the parties pursuant to 28 U.S.C. §

{N1925059.1 }

1332. The Verified Complaint indicates that plaintiff is a citizen of the State of New York, and resides in Kings County, New York. *See* Exhibit "A."

14. At the time of the service of the Summons and Verified Complaint, defendant PEDRO ROJAS was and is a citizen of the State of Connecticut, residing at 47 N. Bishop Street, Bridgeport Connecticut.

15. Defendant COWAN SYSTEMS, LLC. was and still is an authorized foreign limited liability corporation duly organized and existing under the laws of the State of Maryland, having its principal place of business at 4555 Hollins Ferry Road, Baltimore, Maryland.

16. Defendant UNITED STATES FIRE INSURANCE COMPANY, is an authorized foreign corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 305 Madison Avenue, Morristown, New Jersey.

17. Defendant CRUM & FORSTER HOLDINGS CORPORATION, is an authorized foreign corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 305 Madison Avenue, Morristown, New Jersey.

18. Defendant FAIRFAX FINANCIAL HOLDINGS UNLIMITED, is an authorized foreign corporation duly organized and existing under the laws of Canada, having its principal place of 95 Wellington Street West, Suite 800, Toronto, Ontario, Canada.

19. COTTINGHAM & BUTLER CLAIMS SERVICES is a foreign corporation duly organized and existing under the laws of the Iowa, having its principal place of business at 800 Main Street, Dubuque, Iowa.

20. Plaintiff's Complaint contains no "*Ad Damnum*" clause to establish the amount in controversy. See Exhibit "A." Moreover, plaintiff has not served the defendants with any paper that explicitly specifies the amount of monetary damages sought.

21. As a result, the thirty day "removal clock" within which defendants must remove the action to Federal Court has not yet begun to run. *See Moltner v. Starbucks Coffee Co.*, 624 F. 3d 34, 38 (2d Cir. 2010)(affirming denial of remand motion, holding that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought").

22. Mindful of the one-year limitation on Removal set forth in 28 U.S.C. § 1446, unless it is shown that counsel acted in "bad-faith" to prevent removal of this Action, defendants hereby seek removal at this time based upon complete diversity of citizenship between the plaintiff and the defendants in this action, and because the amount in controversy exceeds $75,000.

23. In the first instance, a defendant seeking to Remove the case to Federal Court need not make "evidentiary submissions" to establish diversity; rather, a defendant's notice of removal need include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" which should be accepted when made in good faith. *See Dart Cherokee Basin Operating Co. LLC v. Owens,* 574 U.S. 81, 86, 88 (2014).

24. Here, it is more than "plausible" that the amount in controversy exceeds $75,000, notwithstanding plaintiff's refusal to respond in good faith to the defendants' demands that plaintiff respond to its discovery demands and demand for *ad damnum*.

25. In the first cause of action, plaintiff alleges that the incident caused "serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish, loss of normal pursuits and pleasures of life; has been and is informed, and verily believes is permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damages, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court." See Exhibit "A", at ¶ "TWENTY-FIRST".

26. With respect to the claim for medical expenses, there is documentary evidence obtained prior to the litigation from a third party (not served by plaintiff's counsel), which indicates that the amount in controversy exceeds $75,000. By letter dated July 10, 2018, the New York City Department of Social Services notified defendant COTTINGHAM & BUTLER CLAIMS SERVICES of a "right of recovery against the proceeds from the personal/injury lawsuit/claim of the plaintiff." This "right of recovery" consists of a Medicaid lien in the amount of $251,544.35 for medical expenses from June 26, 2017 (the incident date) through April 11, 2018, and a Public Assistance lien in the amount of $1,630.01 for the period November 18, 2017 to May 18, 2018. *See* Exhibit "K".

27. As a result, for the plaintiff to recover and keep any of the proceeds of this lawsuit, plaintiff will need to recover an amount significantly in excess of $250,000, well over the $75,000 threshold for diversity jurisdiction. Similar documentary submissions have been

deemed sufficient to satisfy the amount in controversy required for diversity jurisdiction. *See Cow Bay Sprinkler Corp. v. Houston Cas. Co.*, 2020 U.S. Dist. LEXIS 21707, *5-6 ("a notice of removal may assert the amount in controversy, and removal is proper on the basis of that amount "if the district court finds, by the preponderance of the evidence, that the amount in controversy [*6] exceeds the amount specified in [28 U.S.C. § 1332(a)]").

28. The Documents annexed to this Notice of Removal, and more particularly Exhibits "A", "C", "G" and "H", referenced above constitute "all process, pleadings and orders" known to have been served in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a).

29. A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).

30. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, as provided by 28 U.S.C. § 1446(d).

31. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, defendants pray that this action be removed to the United States District Court for the Eastern District of New York.

Dated:   New York, New York
July 2, 2021

LONDON FISCHER LLP

By: *Matthew K. Finkelstein*

Matthew K. Finkelstein (MF-6029)
Attorneys for Defendants
59 Maiden Lane
New York, NY 10038
(212) 972-1000

TO: DAVID M. HARRISON, ESQ.
Attorney for Plaintiff
DAQUAN THOMPSON
48 Willoughby Street
Brooklyn, New York 11201
(718)243-2109

{N1925059.1}