# EXHIBIT "A"

{N1668019.1 }

Case 1:21-cv-03748-KAM-RER    Document 1-1    Filed 07/02/21    Page 2 of 16 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------x

DAQUAN THOMPSON,

Plaintiff,

-against-

PEDRO ROJAS; COWAN
SYSTEMS, LLC; UNITED
STATES FIRE INSURANCE
COMPANY; CRUM &
FORSTER HOLDINGS
CORPORATION; FAIRFAX
FINANCIAL HOLDINGS
UNLIMITED; COTTINGHAM
& BUTLER CLAIMS SERVICES,

Defendant(s).

-----------------------------------------------------------x

Index No.:

**SUMMONS WITH NOTICE**

Plaintiff designates KINGS
County as the place of trial.

Basis of Venue:
Party Residence

Plaintiff's Residence:
1625 Dean Street, Apt. 2A
Brooklyn, NY 11213

To the above named Defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 6, 2020

                    **DAVID M. HARRISON, ESQ.**
                    Attorney for Plaintiff
                    Office & P.O. Address
                    48 Willoughby Street
                    Brooklyn, NY ll201
                    (718) 243-2109

                    By:
                    David M. Harrison, Esq.

Defendants' address(es):

**PEDRO ROJAS**, 99 Willow Street, Apartment 3, Bridgeport, CT 06610;
**COWAN SYSTEMS, LLC**, 4555 Hollins Ferry Road, Halethorpe MD 21227;
**UNITED STATES FIRE INSURANCE COMPANY**, 305 Madison Avenue, Morristown, NJ 07960;
**CRUM & FORSTER HOLDINGS CORPORATION**, P.O. Box 1973, 305 Madison Avenue, Morristown, NJ 07960;
**FAIRFAX FINANCIAL HOLDINGS UNLIMITED**, 95 Wellington Street West, Suite 800, Toronto Ontario, Canada M5J2N7;
**COTTINGHAM & BUTLER CLAIMS SERVICES**, 800 Main Street, Dubuque, IA 52001.

**Notice:** The nature of this action is: PERSONAL INJURY/NEGLIGENCE/WRONGFUL DENIAL OF NEW YORK STATE NO-FAULT INSURANCE BENEFITS/BREACH OF CONTRACT

The relief sought is: MONEY DAMAGES

Upon your failure to appear, judgment will be taken against you by default, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, with interest thereupon; and including the costs of this action.

**THIS ACTION FALLS WITHIN ONE OR MORE OF THE EXCEPTIONS SET FORTH IN C.P.L.R. 1602

Case 1:21-cv-03748-KAM-RER     Document 1-1     Filed 07/02/21     Page 4 of 16 PageID #: 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------x

DAQUAN THOMPSON,                                      Index No.:

                              Plaintiff,        **VERIFIED COMPLAINT**

        -against-

PEDRO ROJAS; COWAN
SYSTEMS, LLC, UNITED STATES
FIRE INSURANCE COMPANY;
CRUM & FORSTER HOLDINGS
CORPORATION; FAIRFAX
FINANCIAL HOLDINGS
UNLIMITED; COTTINGHAM
& BUTLER CLAIMS SERVICES,

                              Defendant(s).

--------------------------------------------------------------x

        Plaintiff, by his attorney, **DAVID M. HARRISON, ESQ.,** complaining of the defendants,

PEDRO ROJAS and COWAN SYSTEMS, LLC, respectfully alleges and sets forth as follows:

                **AS AND FOR A FIRST CAUSE OF ACTION IN
                BEHALF OF THE PLAINTIFF, DAQUAN
                THOMPSON, AGAINST THE DEFENDANTS,
                PEDRO ROJAS AND COWAN SYSTEMS, LLC:**

        **FIRST:**   That at all times herein mentioned, the plaintiff, DAQUAN THOMPSON,

was and still is an adult resident of the County of Kings, City and State of New York.

        **SECOND:**   That on or about the 26th day of June, 2017, on a public roadway and/or

thoroughfare known as Fulton Street, at or near the immediate vicinity of its intersection with

Nostrand Avenue, in the County of Kings, City and State of New York, the defendant, PEDRO

ROJAS, negligently and careless operated a certain 2002 WANC Trailer Truck motor vehicle,

INDEX NO. 511719/2020
Case 1:21-cv-03748-KAM-RER    Document 1-1    Filed 07/02/21    Page 5 of 16 PageID #: 14
RECEIVED NYSCEF: 07/06/2020

bearing, upon information and belief, Maryland State license plate number IB4719B, owned by and/or registered to the defendant, COWAN SYSTEMS, LLC, into and/or against the body of the plaintiff, DAQUAN THOMPSON, thereby causing serious, severe and permanent personal injuries, and other loss, to the plaintiff, by reason of said defendants' negligence and carelessness, and without any negligence on the part of the plaintiff contributing thereto.

**THIRD:**   That at all times herein mentioned, the defendant, COWAN SYSTEMS, LLC, hereinafter referred to as "defendant COWAN SYSTEMS", was and still is a foreign limited liability company.

**FOURTH:**   That at all times herein mentioned, defendant COWAN SYSTEMS was a foreign corporation authorized, and otherwise empowered, to conduct business, and was doing, soliciting and transacting business in the State of New York.

**FIFTH:**   That at all times herein mentioned, the defendant, PEDRO ROJAS, hereinafter referred to as "defendant ROJAS", was the operator of a certain motor vehicle, bearing, upon information and belief, Maryland State license plate number IB4719B.

**SIXTH:**   That at all times herein mentioned, defendant ROJAS was the operator of a certain 2002 WANC Trailer Truck motor vehicle, referred to herein, duly registered in the State of Maryland.

**SEVENTH:**   That at all times herein mentioned, defendant COWAN SYSTEMS was the owner of a certain motor vehicle, bearing, upon information and belief, Maryland State license plate number IB4719B.

**EIGHTH:**   That at all times herein mentioned, defendant COWAN SYSTEMS was the owner of a certain 2002 WANC Trailer Truck motor vehicle, referred to herein, duly registered in the State of Maryland.

**NINTH:** That at all times herein mentioned, a certain motor vehicle, bearing upon information and belief, Maryland State license plate number IB4719B, was registered to defendant COWAN SYSTEMS.

**TENTH:** That at all times herein mentioned, a certain 2002 WANC Trailer Truck motor vehicle, referred to herein, duly registered in the State of Maryland, was registered to defendant COWAN SYSTEMS.

**ELEVENTH:** That at all times herein mentioned, defendant ROJAS operated a certain a motor vehicle, bearing, upon information and belief, Maryland State license plate number IB4719B, with the knowledge, permission and consent of defendant COWAN SYSTEMS, and/or the vehicle's owner.

**TWELFTH:** That at all times herein mentioned, defendant ROJAS operated a certain 2002 WANC Trailer Truck motor vehicle, referred to herein, duly registered in the State of Maryland, with the knowledge, permission and consent of defendant COWAN SYSTEMS, and/or the vehicle's owner.

**THIRTEENTH:** That at all times herein mentioned, defendants ROJAS and COWAN SYSTEMS, their agents, servants, employees, representatives and/or others in their behalf, operated, owned, registered, maintained, controlled and serviced a certain 2002 WANC Trailer Truck motor vehicle, bearing, upon information and belief, Maryland State license plate number IB4719B, with the knowledge, permission and consent, express and/or implied, of defendant COWAN SYSTEMS, and/or the vehicle's owner; and which came into violent contact with and/or against the body of the plaintiff.

**FOURTEENTH:** That at all times hereinafter mentioned, Fulton Street, at or near the immediate vicinity of its intersection with Nostrand Avenue, in the County of Kings,

Case 1:21-cv-03748-KAM-RER   Document 1-1   Filed 07/02/21   Page 7 of 16 PageID #: 16

City and State of New York, was and still is a public roadway and/or thoroughfare in common use by residents of the State of New York and others.

**FIFTEENTH:** That on or about the 26th day of June, 2017, said Trailer Truck motor vehicle operated by defendant ROJAS, and owned by and/or registered to defendant COWAN SYSTEMS, came into violent contact with the body of the plaintiff.

**SIXTEENTH:** That the foregoing and personal injuries resulting therefrom to the plaintiff, DAQUAN THOMPSON, were caused solely by the negligence and carelessness of the defendants herein, and without any negligence on the part of the plaintiff contributing thereto.

**SEVENTEENTH:** That solely as the result of the negligence of defendants ROJAS and COWAN SYSTEMS, the plaintiff, DAQUAN THOMPSON, sustained personal injuries as defined in Section 5102(d) of the Insurance Law, incurred expenses for medical attention, treatment and care and has and will be unable to attend to usual duties, occupation and/or activities before and subsequent hereto.

**EIGHTEENTH:** That by reason of the foregoing, the plaintiff, DAQUAN THOMPSON, sustained permanent pain, suffering and injury as defined in, and is entitled to recover for non-economic loss and for such economic losses as are not in the definition of "basic economic loss", and is a "covered person" as set forth and defined in, Section 5102 of the Insurance Law of the State of New York.

**NINETEENTH:** That at all times hereinbefore stated, this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

**TWENTIETH:** That the within cause of action is timely, pursuant to the Civil Practice Law and Rules of New York State, combined with the dictates imposed by Executive Order

Case 1:21-cv-03748-KAM-RER    Document 1-1    Filed 07/02/21    Page 8 of 16 PageID #: 17

202.38 and Executive Order 202.8 rendered by the Governor of the State of New York.

**TWENTY-FIRST:**   That by reason of the foregoing, the plaintiff, DAQUAN

THOMPSON, was caused to sustain serious, harmful and permanent injuries, has been and will

be caused great bodily injuries and pain, shock, mental anguish, loss of normal pursuits and

pleasures of life; has been and is informed, and verily believes is permanently injured; has and

will be prevented from attending to usual duties; has incurred and will incur great expense for

medical care and attention; in all to plaintiff's damages, in an amount which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction and which

warrants the jurisdiction of this Court.

> **AS AND FOR A SECOND CAUSE OF ACTION
> IN BEHALF OF THE PLAINTIFF, DAQUAN
> THOMPSON, AGAINST THE DEFENDANTS,
> COWAN SYSTEMS, LLC; UNITED STATES
> FIRE INSURANCE COMPANY; CRUM &
> FORSTER HOLDINGS CORPORATION;
> FAIRFAX FINANCIAL HOLDINGS
> UNLIMITED AND COTTINGHAM &
> BUTLER CLAIMS SERVICES:**

**TWENTY-SECOND:**   That plaintiff repeats and realleges each and every allegation

contained in Paragraphs "ONE" through "TWENTIETH," set forth in this Complaint.

**TWENTY-THIRD:**   That at all times herein mentioned, plaintiff herein was and still

is an adult resident of the County of Kings, City and State of New York.

**TWENTY-FOURTH:**   That on or about the 26th day of June, 2017, on a public

roadway and/or thoroughfare known as Fulton Street, at or near the immediate vicinity of

its intersection with Nostrand Avenue, in the County of Kings, City and State of New York,

the defendant, PEDRO ROJAS, negligently and careless operated a certain 2002 WANC Trailer Truck motor vehicle, bearing, upon information and belief, Maryland State license plate number IB4719B, owned by and/or registered to the defendant, COWAN SYSTEMS, LLC, into and/or against the body of the plaintiff, DAQUAN THOMPSON, thereby causing serious, severe and permanent personal injuries, and other loss, to the plaintiff, by reason of said defendants' negligence and carelessness, and without any negligence on the part of the plaintiff contributing thereto.

**TWENTY-FIFTH:** That the subject occurrence referred to herein, taking place on June 26, 2017, did not result from any intentional conduct or intentional fault of the plaintiff, DAQUAN THOMPSON.

**TWENTY-SIXTH:** That the subject occurrence referred to herein, taking place on June 26, 2017, did not result from any intentional attempt on the part of the plaintiff, DAQUAN THOMPSON, to inflict bodily harm or cause bodily injury upon himself.

**TWENTY-SEVENTH:** That as a result of the subject occurrence referred to herein, taking place on June 26, 2 2017, the plaintiff, DAQUAN THOMPSON, was caused to sustain serious, severe and permanent personal injuries, as defined by Section 5102 and Section 5104 of the New York State Insurance Law.

**TWENTY-EIGHTH:** That by reason of the foregoing, the plaintiff, DAQUAN THOMPSON, sustained permanent pain, suffering and injury as defined in, and is entitled to recover for non-economic loss and for such economic losses as are not in the definition of "basic economic loss", and is a "covered person" as set forth and defined in, Section 5102 of the Insurance Law of the State of New York.

**TWENTY-NINTH:** That at all times herein mentioned, defendant COWAN

SYSTEMS was the owner of a certain motor vehicle, bearing, upon information and belief,

Maryland State license plate number IB4719B.

**THIRTIETH:**   That at all times herein mentioned, defendant COWAN SYSTEMS

was the owner of a certain 2002 WANC Trailer Truck motor vehicle, referred to herein, duly

registered in the State of Maryland.

**THIRTY-FIRST:**   That at all times herein mentioned, a certain motor vehicle, bearing,

upon information and belief, Maryland State license plate number IB4719B, was registered to

defendant COWAN SYSTEMS.

**THIRTY-SECOND:**   That at all times herein mentioned, a certain 2002 WANC Trailer

Truck motor vehicle, referred to herein, duly registered in the State of Maryland, was registered

to defendant COWAN SYSTEMS.

**THIRTY-THIRD:**   That at all times herein mentioned, defendant COWAN SYSTEMS,

as the owner and/or registrant of said 2002 Trailer Truck motor vehicle, referred to herein, duly

registered in the State of Maryland, was an insured under a policy of liability insurance issued

by a licensed liability/casualty insurer, defendant UNITED STATES FIRE INSURANCE

COMPANY, hereinafter referred to as "defendant UNITED STATES FIRE."

**THIRTY-FOURTH:**   That upon information and belief, defendant UNITED STATES

FIRE is a subsidiary of defendant CRUM & FORSTER HOLDINGS CORPORATION,

hereinafter referred to as "defendant CRUM & FORSTER."

**THIRTY-FIFTH:**   That upon information and belief, defendant CRUM & FORSTER

is a subsidiary of defendant FAIRFAX FINANCIAL HOLDINGS UNLIMITED, hereinafter

referred to as "defendant FAIRFAX FINANCIAL."

**THIRTY-SIXTH:**   That upon information and belief, defendant COTTINGHAM &

BUTLER CLAIM SERVICES, hereinafter referred to as "defendant CBCS", is a third party claims administrator for defendant COWAN SYSTEMS; and/or defendant UNITED STATES FIRE; and/or defendant CRUM & FORSTER; and/or defendant FAIRFAX FINANCIAL.

**THIRTY-SEVENTH:**    That as a result of the subject occurrence referred to herein, taking place on June 26, 2017, the plaintiff, DAQUAN THOMPSON, made claim for New York State no-fault insurance benefits, pursuant to written correspondence forwarded to defendant UNITED STATES FIRE, dated July 24, 2017.

**THIRTY-EIGHTH:**    That as a result of the subject occurrence referred to herein, taking place on June 26, 2017, the plaintiff, DAQUAN THOMPSON, made claim for New York State no-fault insurance benefits, pursuant to written correspondence forwarded to defendant CBCS, dated July 25, 2017, which written correspondence included an application for New York State No-Fault Benefits duly executed by the plaintiff, DAQUAN THOMPSON.

**THIRTY-NINTH:**    That in response to said claim for New York State no-fault insurance benefits made by the plaintiff, DAQUAN THOMPSON, CBCS forwarded plaintiff's attorneys with correspondence, dated August 3, 2017, wherein CBCS identified itself as the third-party claims administrator for defendant COWAN SYSTEMS; and further acknowledged receipt of representation of the plaintiff and plaintiff's request for New York State no-fault insurance benefits.

**FORTIETH:**    That in connection with plaintiff's claim for New York State no-fault insurance benefits, the plaintiff, DAQUAN THOMPSON, appeared for an Examination Under Oath on December 6 2017, pursuant to the request of defendant CBCS, on behalf of defendant COWAN SYSTEMS, and/or on behalf of defendant UNITED STATES FIRE; and/or on behalf of defendant CRUM & FORSTER; and/or on behalf of defendant FAIRFAX

HOLDINGS; and/or on behalf of defendant CBCS.

**FORTY-FIRST:**   That in connection with plaintiff's claim for New York State no-fault insurance benefits, plaintiff DAQUAN THOMPSON complied with all requests made by defendant CBCS, on behalf of defendant COWAN SYSTEMS; and/or on behalf of defendant UNITED STATES FIRE; and/or on behalf of defendant CRUM & FORSTER; and/or on behalf of defendant FAIRFAX HOLDINGS; and/or on behalf of defendant CBCS, pursuant to applicable New York State no-fault insurance law.

**FORTY-SECOND:**   That defendant CBCS forwarded a denial of plaintiff's entire claim for New York State no-fault insurance benefits, pursuant to correspondence from said defendant, dated March 26, 2018, which correspondence stated: *"This no-fault claim is denied as 11 NYCRR 65 excludes any person who intentionally causes his own personal injury from receiving no-fault benefits."*

**FORTY-THIRD:**   That such denial of plaintiff's claim for New York State no-fault insurance benefits by defendant CBCS, on behalf of defendant COWAN SYSTEMS, and/or on behalf of defendant UNITED STATES FIRE, and/or on behalf of defendant CRUM & FORSTER, and/or on behalf of defendant FAIRFAX HOLDINGS, and/or on behalf of defendant CBCS, was wrongful, as plaintiff did not intentionally cause his personal injuries resulting from said June 26, 2017 occurrence.

**FORTY-FOURTH:**   That the denial of no-fault benefits to the plaintiff, DAQUAN THOMPSON, resulted from the wrongful actions taken by defendants COWAN SYSTEMS; UNITED STATES FIRE; CRUM & FORSTER; FAIRFAX HOLDINGS; and CBCS.

**FORTY-FIFTH:**   That the wrongful actions taken by defendants COWAN SYSTEMS; UNITED STATES FIRE; CRUM & FORSTER, FAIRFAX HOLDINGS and CBCS, in denying

Case 1:21-cv-03748-KAM-RER    Document 1-1    Filed 07/02/21    Page 13 of 16 PageID #: 22

no-fault benefits to the plaintiff, DAQUAN THOMPSON, constituted a breach of contract.

**FORTY-SIXTH:** That as a result of the wrongful denial of New York State no-fault benefits to the plaintiff, DAQUAN THOMPSON, perpetrated by defendants COWAN SYSTEMS; UNITED STATES FIRE; CRUM & FORSTER; FAIRFAX HOLDINGS and CBCS, which constituted a breach of contract; plaintiff has been damaged, and continues to be damaged, in a total amount which exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction and which warrants the jurisdiction of this Court.

**FORTY-SEVENTH:** That at all times hereinbefore stated, this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

**FORTY-EIGHTH:** That the within cause of action is timely, pursuant to the Civil Practice Law and Rules of New York State, combined with the dictates imposed by Executive Order 202.38 and Executive Order 202.8, rendered by the Governor of the State of New York.

**FORTY-NINTH:** That by reason of the foregoing, the plaintiff, DAQUAN THOMPSON, was caused to sustain monetary damages, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

**WHEREFORE,** the plaintiff, DAQUAN THOMPSON, hereby demands judgment as and against the defendants, PEDRO ROJAS and COWAN SYSTEMS, LLC, on the First Cause of Action, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; and the plaintiff, DAQUAN THOMPSON, hereby demands judgment as and against the defendants, COWAN SYSTEMS, LLC; UNITED STATES FIRE INSURANCE COMPANY; CRUM & FORSTER HOLDINGS CORPORATION; FAIRFAX FINANCIAL HOLDINGS UNLIMITED;

and COTTINGHAM & BUTLER CLAIMS SERVICES, on the Second Cause of Action, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with interest, as well as costs and disbursements of this action.

Yours, etc.

**DAVID M. HARRISON, ESQ.**
Attorney for Plaintiff
DAQUAN THOMPSON
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

By: _____
David M. Harrison, Esq.

Case 1:21-cv-03748-KAM-RER   Document 1-1   Filed 07/02/21   Page 15 of 16 PageID #: 24

## ATTORNEY CERTIFICATION

STATE OF NEW YORK      )

                                                    SS:

COUNTY OF KINGS        )

I HEREBY CERTIFY, pursuant to Section 130-1.1-a of the Rules of the Chief

Administrator (22 NYCRR), to the best of my knowledge, information and belief, formed

after an inquiry under reasonable circumstances, that the presentation of the within

VERIFIED COMPLAINT  in this action, or the contentions therein, are not frivolous, as

defined by subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator

(22NYCRR)

Dated: Brooklyn, New York
           July 6, 2020

**DAVID M. HARRISON, ESQ.**

Case 1:21-cv-03748-KAM-RER     Document 1-1     Filed 07/02/21     Page 16 of 16 PageID #: 25

SUPREME COURT OF NEW YORK                              Index No.:
COUNTY OF KINGS
-------------------------------------------------------------------------------------

DAQUAN THOMPSON,

                         Plaintiff,

          -against-

PEDRO ROJAS; COWAN
SYSTEMS, LLC, UNITED STATES
FIRE INSURANCE COMPANY;
CRUM & FORSTER HOLDINGS
CORPORATION; FAIRFAX
FINANCIAL HOLDINGS
UNLIMITED; COTTINGHAM
& BUTLER CLAIMS SERVICES,

                        Defendant(s).

-------------------------------------------------------------------------------------

### SUMMONS WITH NOTICE & VERIFIED COMPLAINT

-------------------------------------------------------------------------------------

**DAVID M. HARRISON, ESQ.**
Attorney for the Plaintiff
DAQUAN THOMPSON
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

-------------------------------------------------------------------------------------

PLEASE TAKE NOTICE:
  [ ] Notice of Entry
  that the within is a (certified) true copy of Order              duly entered in the office of the clerk of
the within named court on

  [ ] Notice of Settlement

  that an order              of which the within is a true copy
will be presented for settlement to the HON      one of the judges of the
within named Court, at
on          20    at    M.
    Dated,                Yours, etc.