```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

DAQUAN THOMPSON,
                                          MEMORANDUM & ORDER
                    Plaintiff,           21-CV-3748 (KAM) (RER)

        - against -


PEDRO ROJAS; COWAN SYSTEMS LLC;
UNITED STATES FIRE INSURANCE CO.;
COTTINGHAM & BUTLER CLAIMS SERVICES,

                    Defendants.

-------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

Plaintiff Daquan Thompson commenced this personal injury action on July 6, 2020 in the Supreme Court of New York for Kings County. (ECF No. 1-1 ("Compl.").) On July 2, 2021, Defendants Pedro Rojas, Cowan Systems LLC, United States Fire Insurance Co., Crum & Forster Holdings Corp., Fairfax Financial Holdings Ltd., and Cottingham & Butler Claims Services removed the action to this court, invoking this court's diversity jurisdiction. (ECF No. 1 ("Notice of Removal").)[1] Plaintiff now moves to remand the action to state court, arguing that Defendants' removal was untimely. (ECF No. 15 ("Pl.'s Mot.").) For the reasons set forth below, Plaintiff's motion is respectfully DENIED.

---

[1] Plaintiff's claims against Crum & Forster Holdings Corporation and Fairfax Financial Holdings Limited were subsequently dismissed without prejudice by stipulation of the parties. (ECF No. 14.)

1

## BACKGROUND

On June 26, 2017, Plaintiff was injured when he attempted to skateboard underneath a truck operated by Defendant Pedro Rojas and owned by Defendant Cowan Systems LLC. (Compl. at 6-7; ECF No. 15-3 ("Police Report") at 2.)[2] On July 6, 2020, Plaintiff commenced this action in the Supreme Court of New York for Kings County, asserting a negligence claim against Mr. Rojas and Cowan Systems and a claim for the wrongful denial of no-fault insurance benefits against all Defendants except Mr. Rojas. (Compl. at 4-14.) In accordance with N.Y. C.P.L.R. § 3017(c), Plaintiff's complaint did not include an *ad damnum* clause specifying the amount of damages sought. (Compl. at 8, 14.) Instead, Plaintiff alleged that the damages sought on each count "exceed[ed] the jurisdictional limits of all lower courts [in New York] which would otherwise have jurisdiction." (*Id.*)

In accordance with N.Y. C.P.L.R. § 3017(c), Mr. Rojas and Cowan Systems requested an *ad damnum* from Plaintiff on November 5, 2020, setting forth the total damages to which Plaintiff claimed he was entitled. (ECF No. 1-5 ("*Ad Damnum* Demand") at 2.) In addition, Mr. Rojas and Cowan Systems served a request for a bill of particulars that sought additional information about Plaintiff's claimed damages, such as lost earnings and hospital

---

[2] All pin citations refer to the page number assigned by the court's CM/ECF system.

2

expenses.  (ECF No. 1-6 ("Discovery Demands") at 3-4.)  The record does not reflect a response by Plaintiff to these requests, despite numerous follow-up requests from Defendants' counsel.  (ECF No. 16-4 ("Email Exchange") at 2-6; ECF No. 15-18 ("3/23/21 Letter") at 2.) In a letter to this court, Plaintiff's counsel represented that his failure to respond "was neither intentional nor deliberate but rather an oversight."  (ECF No. 12 ("8/5/21 Letter") at 2.)

Defendants removed this action on July 2, 2021, invoking this court's diversity jurisdiction.  (Notice of Removal at 4-8.) On July 15, 2021, Plaintiff requested a pre-motion conference seeking permission to move to remand this action back to state court, claiming that Defendants' removal was untimely pursuant to 28 U.S.C. § 1446(b).  (ECF No. 9.)  Defendants responded in opposition (ECF No. 10), and the court held a pre-motion conference on July 29, 2021.  (7/29/21 Minute Entry.)  Plaintiff's motion is now fully briefed and ripe for decision.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal generally must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt

3

by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). In addition, "where a plaintiff's papers fail to trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3), a defendant may remove a case when, upon its own independent investigation, it determines that the case is removable . . . ." *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 139 (2d Cir. 2014). But where, as here, removal is based on diversity of citizenship, a notice of removal must be filed no later than one year after the commencement of the action, unless the court finds that the plaintiff acted in bad faith to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1).

### DISCUSSION

The court finds that Defendants' removal was timely pursuant to Section 1446(c)(1) because the notice of removal was filed on July 2, 2021, which was within one year of the commencement of this action in state court on July 6, 2020. The 30-day removal clocks in Section 1446(b) were never triggered because the Second Circuit has made clear that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38

4

(2d Cir. 2010). Under *Moltner*'s "bright line rule," defendants must still "apply a reasonable amount of intelligence in ascertaining removability," but they need not "perform an independent investigation" or "consider material outside of the complaint or other applicable documents." *Cutrone*, 749 F.3d at 143, 145 (citation omitted). Thus, "the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." *Id.* at 145; *see also, e.g.*, *Pizarro v. Langer Transp. Corp.*, 2021 WL 5326433, at *2 (S.D.N.Y. Nov. 16, 2021) (explaining that the Second Circuit "clarified the *Moltner* holding in *Cutrone*").

Here, Plaintiff neither provided facts explicitly establishing removability nor alleged sufficient information in the complaint for Defendants to ascertain removability. In his motion to remand, Plaintiff invokes the complaint's allegations that the amount of damages sought on each count "exceeds the jurisdictional limits of all lower courts [in New York] which would otherwise have jurisdiction." (Compl. at 8, 14; *see* ECF No. 15-1 ("Pl.'s Mem.") at 15-16.) These allegations "do[] not satisfy the monetary threshold [of $75,000] for diversity jurisdiction," however, "since the jurisdictional limitation of the lower civil courts of New York is $25,000." *Daversa v. Cowan Equip. Leasing,*

5

*LLC*, 2020 WL 1866585, at *1 (E.D.N.Y. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020). By alleging that the amount of damages on each count exceeds $25,000, Plaintiff's complaint supports an amount in controversy in excess of $50,000,[3] but not the $75,000 required for Defendants to ascertain removability from the face of Plaintiff's complaint. Thus, as courts in this circuit have consistently held, "[a] statement in the complaint prescribed by C.P.L.R. § 3017(c) that the damage exceeds the jurisdiction of the lower [c]ourts is insufficient to start the removal clock." *Brumfield v. Merck & Co., Inc.*, 2018 WL 1955216, at *3 (E.D.N.Y. Apr. 25, 2018) (Bianco, J.) (quotations and citation omitted); *see also, e.g.*, *Steele v. Charles George Cos.*, 2015 WL 2069895, at *1 (S.D.N.Y. Apr. 27, 2015).

Plaintiff also claims that the 30-day removal clock was triggered because Defendants were in possession of other information establishing removability. (Pl.'s Mem. at 14, 16-18.) Specifically, by letter dated July 10, 2018, the New York City Department of Social Services ("DSS") informed Defendant Cottingham & Butler Claims Services that it had "a right of recovery against the proceeds from [Plaintiff's] personal injury

---

[3] The court assumes that Plaintiff's alleged damages on each count may be aggregated for purposes of diversity jurisdiction. *See, e.g.*, *Rubin v. Mangan*, 2021 WL 5281347, at *3 (E.D.N.Y. Nov. 12, 2021) ("A plaintiff may satisfy th[e] jurisdictional minimum by aggregating claims against multiple defendants, but only when their liability is common, undivided, or joint." (citation omitted)).

6

lawsuit/claim." (ECF No. 15-20 ("DSS Lien Letter") at 2.) DSS stated that it held a Medicaid lien in the preliminary amount of $251,544.35 and a public assistance lien in the amount of $1,630.01. (*Id.*)

For the following reasons, the court concludes that Defendants' possession of the DSS Lien Letter did not trigger either of the 30-day removal clocks in Section 1446(b). As an initial matter, the DSS Lien letter was not sent to Defendants by Plaintiff. The Second Circuit has made clear that the 30-day removal clocks in Section 1446(b) are triggered only when "*the plaintiff* provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." *Cutrone*, 749 F.3d at 145 (emphasis added); *see Moltner*, 624 F.3d at 38 (holding that "the removal clock does not start to run until *the plaintiff* serves the defendant with a paper that explicitly specifies the amount of monetary damages sought" (emphasis added)).[4] Here, it is undisputed that the DSS Letter

---

[4] *See also, e.g.*, *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 76 (1st Cir. 2014) ("To determine whether the Section 1446(b) clocks have begun to run . . . we focus exclusively on the pleadings and other papers provided by the plaintiffs."); *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016) ("[T]he thirty-day clocks of § 1446(b) begin to run only when the defendant receives a document *from the plaintiff* from which the defendant can unambiguously ascertain . . . jurisdiction."); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) ("Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document . . . ."); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) ("[U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."). An exception to this

7

was not provided to Defendants by Plaintiff, but rather was obtained from a third party. (Notice of Removal at 7; Pl.'s Mem. at 14.) Accordingly, the DSS Lien Letter provides no basis to conclude that Defendants' removal was untimely because the letter was not provided to Defendants by Plaintiff.

In addition, the July 10, 2018 DSS Lien Letter was sent *prior* to the commencement of this action on July 6, 2020. Courts in this circuit and elsewhere have concluded that the 30-day clock in Section 1446(b)(3) is not triggered by "any document received prior to receipt of the initial pleading." *Marroquin v. Jenkins*, 2022 WL 3019971, at *3 (E.D.N.Y. July 29, 2022) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010)). This reading of Section 1446(b)(3) is "buttressed by the Second Circuit's decision in *Cutrone*," which stated that "the 30-day removal clock is only triggered by 'an initial pleading *or subsequent document*.'" *Id.* (quoting *Cutrone*, 749 F.3d at 143). Indeed, if Section 1446(b)(3) "meant to include as 'other paper' a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal 'be filed within thirty days after receipt by the defendant' of the 'other paper' would be nonsensical." *Id.* (quoting *Carvalho*, 629

---

rule, not applicable here, is that the 30-day clock in Section 1446(b)(3) may also be triggered by an "order" from a court. 28 U.S.C. § 1446(b)(3); *see Lowery*, 483 F.3d at 1213 n.63 (explaining that "the defendant must have received [the document] from the plaintiff (or from the court, if the document is an order)").

8

F.3d at 885); *see also, e.g.*, *Davis v. Espinal-Vasquez*, 2022 WL 2720731, at *4 (S.D.N.Y. June 22, 2022); *Duffy v. Legal Aid Soc'y*, 2013 WL 541521, at *2 n.1 (S.D.N.Y. Feb. 12, 2013). Thus, in addition to the fact that the DSS Lien Letter was sent by a third party, the DSS Lien Letter does not render Defendants' removal untimely because it was sent nearly two years prior to the commencement of this action.

To be sure, Defendants must still "apply a reasonable amount of intelligence in ascertaining removability." *Cutrone*, 749 F.3d at 143 (citation omitted). Under this standard, however, "defendants have no independent duty to investigate whether a case is removable." *Id.* As a result, Defendants had no obligation to search their files for pre-litigation correspondence from a third party regarding Plaintiff's alleged damages. *See, e.g.*, *Ramirez v. Oscar De La Renta, LLC*, 2017 WL 2062960, at *2 (S.D.N.Y. May 12, 2017) ("[A] defendant may be required to take out a calculator while reading a complaint, but he has no duty to review his files to uncover facts not alleged in a pleading or other paper served by the plaintiff."). Although Plaintiff argues that Defendants and their counsel "clearly knew" that the amount in controversy exceeded $75,000 based on the DSS Lien Letter (ECF No. 17 ("Pl.'s Reply") at 3), "[a] defendant's subjective knowledge is not sufficient to start the removal clock." *Davis*, 2022 WL 2720731, at *3 (quoting *Artists Rights Enforcement Corp. v. Jones*, 257 F.

9

Supp. 3d 592, 595 (S.D.N.Y. 2017)).  Accordingly, the court concludes that Defendants' removal was timely under Section 1446(c)(1) because the notice of removal was filed within one year of the commencement of this action and because neither the complaint nor the DSS Lien Letter triggered the more restrictive 30-day removal clocks in Section 1446(b).

In sum, under *Moltner* and *Cutrone*, the 30-day clock in Section 1446(b)(1) was not triggered by the complaint's inclusion of the jurisdictional clause required by C.P.L.R. § 3017(c) or Defendants' subjective knowledge of the DSS Lien Letter.  Similarly, the 30-day clock in Section 1446(b)(3) was not triggered by the DSS Lien Letter, which was sent by a third party prior to the commencement of this action.  Because "[P]laintiff's papers fail[ed] to trigger the removal clocks" in Section 1446(b), *Cutrone*, 749 F.3d at 139, Defendants timely removed this action within one year pursuant to Section 1446(c)(1).

## CONCLUSION

For the reasons set forth above, Plaintiff's [15] motion to remand based on untimely removal is respectfully DENIED.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         September 20, 2021